# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

RAHMAN TERRY,

           Petitioner,

v.                                     CIVIL ACTION NO.   2:12-cv-01576
                                             (Criminal No. 2:11-cr-00037)

UNITED STATES OF AMERICA,

           Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Petitioner Rahman Terry's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed May 18, 2012.  This action was referred to former United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation for disposition ("PF&R").  Following Magistrate Judge Stanley's retirement, this action was transferred to United States Magistrate Judge Dwane L. Tinsley.  On April 16, 2013, Magistrate Judge Tinsley submitted his PF&R recommending that this Court deny Petitioner's § 2255 motion and dismiss this action from the Court's docket.   Petitioner filed timely objections to the PF&R on May 3, 2013.   On August 16, 2013, Petitioner filed a motion to amend his objections or, in the alternative, to amend his § 2255 motion to assert additional claims based on a recently-issued Supreme Court decision.   The Court granted that motion to the extent that it requested leave to amend Petitioner's objections to the PF&R.

## I.     BACKGROUND

On April 11, 2011, Petitioner pleaded guilty to a single-count indictment charging him with possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). This guilty plea combined with his prior criminal history exposed Petitioner to the career offender enhancement provided for by U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2010).[1]  On July 20, 2011, this Court applied the career offender enhancement and sentenced Petitioner to a term of 151 months imprisonment, followed by a three year term of supervised release.  Petitioner appealed the Court's judgment and his counsel filed an appellate brief under the guidance of *Anders v. California*, 386 U.S. 738 (1967).  The Government moved to dismiss the appeal as barred by the appellate waiver contained within Petitioner's plea agreement.  The Fourth Circuit granted the Government's motion and dismissed the appeal on February 15, 2012.  The instant § 2255 motion followed.

## II.     PF&R AND OBJECTIONS

Petitioner's § 2255 motion asserts ineffective assistance of counsel as its sole ground for relief.  Petitioner contends that his counsel induced him to accept a non-favorable plea agreement which resulted in a greater than expected sentence.[2]  As set forth in his § 2255 motion, Petitioner

---

[1] The November 1, 2010, edition of the United States Sentencing Guidelines Manual and its Supplement were used in Petitioner's sentencing.  *See* Presentence Report at 6, *United States v. Terry*, No. 2:11-cr-37 (S.D.W. Va. August 4, 2011), ECF 43.  The guideline provisions pertinent here are substantively identical to those of the current November 1, 2014, edition of the Guidelines Manual.  *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 cmt. historical note (2014) (noting that the only amendment to § 4B1.1 since 2002 occurred on November 1, 2011, pursuant to Appendix C, amendment 758); U.S. SENTENCING GUIDELINES MANUAL app. C (2011) (noting that amendment 758 merely amended §4B1.1(b) "by redesignating (A) through (G) as (1) through (7)").

[2] In his form petition, (ECF 64), Petitioner asserts that as a result of the alleged ineffective assistance of counsel, his guilty plea was "INVOLUNARY, UNKNOWING, AND UNINTELLIGENT."  The Court does not, even under the liberality standard, read this as an additional attack on Petitioner's guilty plea as being involuntary or unknowing.  The Court takes this approach for several reasons.  First, Petitioner, throughout his pleadings, characterizes his claim as one for ineffective assistance of counsel.  Second, Petitioner never challenged his plea as involuntary or unknowing, either before the District Court or on direct appeal.  A habeas petitioner may not collaterally attack a

claims that prior to the negotiation of his plea agreement, the Government contemplated filing an information pursuant to 21 U.S.C. § 851 ("§ 851 information") to enhance his statutory maximum sentence based on the fact of a prior controlled substance conviction. The Government agreed not to file the § 851 information in exchange for Petitioner's plea of guilty. Petitioner contends that his counsel encouraged him to plead guilty, but, among other errors, did not inform him that under the plea agreement he would be sentenced as a career offender. Petitioner appears to believe that the career offender enhancement does not apply when the Government files a § 851 information, and that, therefore, the filing of a § 851 information would have resulted in a lighter sentence than he received under the plea agreement. Based on this belief, Petitioner asserts that due to ineffective assistance of counsel he was "deprived . . . [of] a favorable choice to plead openly and induced to accept a nonfavorable plea that resulted in a sentence greater than the sentence pursuant to an open plea." (ECF 65 at 4−7.)

The Magistrate Judge rejects this argument, pointing out that the Court maintained the discretion to apply the career offender enhancement regardless of whether the Government filed a § 851 information. Furthermore, since the § 851 information would have increased Petitioner's base offense level under the career offender guideline from a level 32 to a level 34, the Magistrate

---

conviction or sentence based upon errors that could have been, but were not raised on direct appeal unless he can show "cause and actual prejudice resulting from the errors of which he complains" or that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) (citations omitted). "Miscarriage of justice" can only be shown by clear and convincing evidence of actual innocence. *Id.* at 493. Here, Petitioner does not assert his innocence. Moreover, "cause" for purposes of overcoming a procedural default in this context must turn on something "external to the defense," such as a novel claim or ineffective assistance of counsel. *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). As described above, Petitioner alleges ineffective assistance but no other cause for, or prejudice from, not challenging the voluntariness of his plea earlier. Thus, while Petitioner retains the ability to assert an ineffective assistance claim based on an involuntary plea, he has waived the right to independently raise that claim. Finally, in his plea agreement, Petitioner waived the right to file a collateral attack on any of these issues except ineffective assistance of counsel. Plea Agreement at 4, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D. W. Va. August 4, 2011), ECF 30. For all of these reasons, the Court will address Petitioner's claim exclusively as an ineffective assistance of counsel claim.

Judge concludes that Petitioner benefited from the plea agreement and that his counsel's assistance was not ineffective. (ECF 71 at 6−7.)

In his objections to the PF&R, Petitioner again argues that his counsel rendered ineffective assistance with respect to Petitioner's acceptance of the plea agreement, and alleges that counsel was ineffective in a number of specific ways, including by negotiating a plea agreement under which Petitioner was exposed to being sentenced as a career offender and by informing him that he would be assessed a criminal history category III and a sentencing range of 10 to 16 months imprisonment under the plea agreement. (ECF 72.)

Petitioner's motion to amend his objections to the PF&R raises an argument not presented to the Magistrate Judge. Petitioner relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), to contend that the underlying facts serving as a basis for the career offender enhancement were required to have been presented to a jury and proven beyond a reasonable doubt. (ECF 73.)

For the reasons explained below, the Court overrules both Petitioner's original objections and amended objections.

## II.  STANDARD OF REVIEW

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's

4

proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III. DISCUSSION

*A. Original Objections*

Petitioner objects to the PF&R by reiterating his argument that he was induced to enter a non-favorable plea agreement due to ineffective assistance of counsel. The Court has construed Petitioner's pro se objections liberally and finds them to be without merit.

To establish ineffective assistance of counsel, Petitioner must show that (1) his attorney's performance was deficient, and (2) the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 685−86 (1984). To establish deficient performance, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To demonstrate prejudice, Petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *Hill v. Lockhart,* the Supreme Court held that in the context of guilty pleas, "[t]he . . . 'prejudice' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." 474 U.S. 52, 59 (1985). Generally, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Here, however, Petitioner argues that with effective assistance he would have rejected the plea agreement and made an "open plea," that is, pleaded guilty without the benefit of a plea

5

agreement[3]—not that he would have insisted on going to trial.[4]

In *Missouri v. Frye*, the Supreme Court explained that although *Hill* "applies in the context in which it arose," it "does not, however, provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." 132 S. Ct. 1399, 1409−10 (2012).

*Frye* articulated a standard for establishing *Strickland* prejudice "where a plea offer has lapsed or been rejected because of counsel's deficient performance", explaining:

> [D]efendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Frye*, 132 S. Ct. at 1409.

---

[3] "Generally, an open plea is a guilty plea made without the benefit of a plea agreement with the government." *United States v. Williams*, 06-20047-01-CM, 2012 WL 6554424, at *3 (D. Kan. Dec. 14, 2012). *See also Goolsby v. Sec'y, Dep't of Corr.*, 8:09-CV-2136-T-23TGW, 2012 WL 2384425, at *1 (M.D. Fla. June 25, 2012) (noting that defendant "pleaded guilty without a plea agreement, commonly called an 'open plea'"); *Theus v. Tucker*, 1:08CV42/MP/CJK, 2012 WL 7783575, at *16 (N.D. Fla. Oct. 31, 2012) *report and recommendation adopted sub nom. Theus v. Buss*, 1:08-CV-00042-MP-CJK, 2013 WL 1176073 (N.D. Fla. Mar. 20, 2013) (observing that "petitioner has not shown a reasonable probability that he would have entered an open plea (i.e., pled 'straight up' to the judge as charged without a plea agreement)").

[4] For instance, in Petitioner's memorandum supporting his § 2255 motion he argues that "the deficient performance giving rise to [his] ineffective assistance of counsel claim is where [counsel] deprived [Petitioner of] a favorable choice to plead openly and induced him to accept a nonfavorable plea agreement that resulted in a sentence greater than the sentence pursuant to an open plea." (ECF 65 at 4.) Elsewhere in that memorandum, Petitioner asserts that instead of advising him to accept the plea agreement, counsel "should have allowed the [G]overnment to file its [§ 851 information] and advised Petitioner to plea [sic] openly." (ECF 65 at 7.) Similarly, in his objections to the PF&R, Petitioner explains that he initially informed his counsel that he wanted to plead guilty but that trial counsel "advised [Petitioner] it was not in [counsel's] interest to let him plead openly because the Government was seeking [a § 851 information]." (ECF 72 at 2.) At no point in any of the filings in support of his § 2255 motion has Petitioner alleged that but for counsel's asserted errors he would not have pleaded guilty but instead would have gone to trial.

Although *Frye* is not directly on point to the situation presented here, the framework articulated in *Frye* is much more analogous than *Hill*'s requirement that Petitioner demonstrate that but for counsel's errors there is a reasonable probability that he would have gone to trial. As such, the Court concludes that under the unique circumstances Petitioner alleges here, the *Strickland* inquiry into whether the result of the proceeding would have been different requires looking not at whether Petitioner would have proceeded to trial, but rather examining whether he would have made an open plea of guilty to the single-count indictment as he alleges. *See United States v. Cuellar-Chavez*, 1:06-CR-60-TLS, 2013 WL 425886, *11 (N.D. Ind. Feb. 4, 2013) (concluding that the standard for showing prejudice articulated in *Frye* applied, in an adapted form, where the defendant argued that but for ineffective assistance of counsel he would have entered an open plea rather than proceeding to trial).

In so concluding, and relying on *Frye* for guidance, the Court concludes that to establish prejudice here Petitioner must demonstrate: (1) a reasonable probability that he would have entered an open plea to the indictment absent ineffective assistance of counsel; (2) a reasonable probability that the plea would have been entered without the Court refusing to accept it; and (3) a reasonable probability that the end result would have been more favorable by reason of a sentence of less prison time. *See Frye*, 132 S. Ct. at 1409−10.

"Surmounting *Strickland*'s high bar is never an easy task. Moreover, to obtain relief on this type of claim, Petitioner must convince the [C]ourt that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 371–72 (2010) (citations omitted).

Petitioner's claim of ineffective assistance of counsel is composed of several different

assertions of error by his counsel, but all principally relate to his argument that he was prejudiced because counsel deprived him of a more favorable choice to plead openly by inducing him to accept a non-favorable plea agreement that resulted in a sentence greater than what he would have received pursuant to an open plea. (ECF 65 at 4−7.) Petitioner takes this position because he appears to believe that, had the Government filed and proved a § 851 information, it would have rendered inapplicable the career offender enhancement under U.S.S.G. § 4B1.1, resulting in a lesser sentence of imprisonment. (ECF 65 at 6−7.) Petitioner is mistaken.

Section 851 and U.S.S.G. § 4B1.1 are separate provisions that operate independently of one another. *See generally United States v. Foster*, 68 F.3d 86, 89 (4th Cir. 1995) (explaining that the enhanced punishments to which § 851 refers are those provided by statute, and that the requirements of § 851 do not apply to enhancements under the Sentencing Guidelines); *United States v. Melton*, 7:08CR00017, 2009 WL 2390956, at *3 (W.D. Va. Aug. 4, 2009) (explaining the difference between U.S.S.G. § 4B1.1 and § 851).

As the Magistrate Judge observes, had the Government filed and proven a § 851 information, Petitioner would have been subject to a statutory 30-year maximum sentence rather than a 20-year maximum sentence. *See* 21 U.S.C. §§ 841(b)(1)(C) and 851.[5] Importantly, however, Petitioner *still* would have been subject to being sentenced as a career offender under U.S.S.G. § 4B1.1(a).[6] Indeed, in such a scenario Petitioner would have been attributed a *higher*

---

[5] Petitioner has not challenged the fact of any of his prior convictions, nor alleged that at least one of these was not a prior conviction for a felony drug offense that had become final within the meaning of §§ 841(b)(1)(C) and 851. Accordingly, there is no reason for the Court to presume that the Government could not have filed a § 851 information that would have resulted in Petitioner being subject to the increased punishment as provided for in these statutory provisions.

[6] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a

Base Offense Level of 34 based on the increased maximum sentence of 30 years, instead of the Base Offense Level of 32 that was attributed to Petitioner under the plea agreement. *See* U.S.S.G. § 4B1.1(b)(2); *id.* at cmt n.2 (providing that "in a case in which the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for that defendant for the purposes of [U.S.S.G. § 4B1.1] is thirty years and not twenty years.").

Accordingly, there is no reasonable probability that the end result would have been more favorable to Petitioner by way of less prison time by pleading openly—indeed, it would almost certainly have been less favorable.[7] *See Frye*, 132 S. Ct. at 1409. Similarly, Petitioner has not

---

crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A controlled substance offense means "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). According to the presentence investigation report, Petitioner's criminal history included multiple convictions for prior controlled substance offenses. *See* Presentence Report at 7–13, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D.W. Va. August 4, 2011), ECF 43. Petitioner did not contest these prior convictions or the appropriateness of his designation as a career offender in his objections to the presentence investigation report or at sentencing. *See id.* at 20–11; Transcript of Sentencing Hearing at 3–4, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D.W. Va. August 29, 2011), ECF 53. Petitioner also does not now argue that he does not qualify as a career offender under U.S.S.G. §§ 4B1.1(a) and 4B1.2(b). Nor does Petitioner argue that counsel was in some way ineffective for not contesting either the Court's finding that he was properly designated as a career offender or the facts underlying that finding.

[7] The Court observes that its conclusion would be the same under the standard for demonstrating prejudice announced in *Hill*, for at least two reasons. First, Petitioner has not made any allegation that but for allegedly ineffective counsel he would have gone to trial. *See Hill*, 474 U.S. at 60 (rejecting petitioner's claim of ineffective assistance of counsel where petitioner failed to allege the kind of prejudice necessary to satisfy *Strickland*, specifically that petitioner did not allege that had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial). Second, even assuming that Petitioner's § 2255 motion and supporting filings could somehow be understood to assert that absent counsel's error he would have gone to trial, Petitioner simply cannot demonstrate that there is a reasonable probability that he would have gone to trial. This is so because in light of the evidence disclosed in the presentence investigation report it is a perfectly reasonable assumption he would have been found guilty. *See* Presentence Report at 4–5, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D.W. Va. August 4, 2011), ECF 43; *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (explaining that determining whether there is a reasonable probability that but for counsel's errors the defendant would not have pleaded guilty and would have instead insisted on going to trial "is an objective inquiry, and dependent on the likely outcome of a trial had the defendant not pleaded guilty"). Indeed, the strength of this evidence, which included Petitioner being observed by police officers after a traffic stop trying to conceal an object in his hand, throwing the object away when confronted,

9

shown that there is a reasonable probability that he would have entered an open plea to the indictment absent the alleged ineffective assistance of counsel, *see id.*, or that a decision to reject the plea bargain and instead plead openly would have been rational under the circumstances, *see Padilla*, 559 U.S. at 371–72.[8]

The Court also observes that Petitioner complains that by accepting the plea agreement he gave up the majority of his appellate rights. (ECF 72 at 4.) Of course, by pleading openly he would not have agreed to the appeal waivers in the plea agreement. Petitioner mentions this for the first time in his objections to the PF&R. To the extent that this undeveloped and conclusory assertion is made in an attempt to demonstrate prejudice suffered under the plea agreement the Court rejects the objection. Petitioner cites no authority in support of his position, and his bare assertion is insufficient to demonstrate any prejudice because there is no allegation or argument that but for the appellate waiver the result of the proceeding would have been different. Indeed, Petitioner does not allege that he had any meritorious grounds on which to appeal his conviction, and his expressed desire to admit his guilt to the crime charged in the indictment by pleading openly largely belies any such grounds. Nor does Petitioner assert any grounds upon which he may have appealed following an open plea. Moreover, Petitioner has also not alleged any

---

and that object being found to contain packages of heroin, as well as testimony from another individual that she and another woman obtained heroin from Petitioner on multiple occasions, likely contributed to Petitioner's expressed desire to plead guilty to the criminal conduct charged in the indictment. Finally, the Court observes that had Petitioner gone to trial and been convicted, he may have been subjected to even greater penalties than under both the plea agreement and an open plea. For example, the Government could still have filed a § 851 information and Petitioner still could have been sentenced under the career offender provisions of U.S.S.G. § 4B1.1. Moreover, Petitioner would likely have lost a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Accordingly, Petitioner is also unable to demonstrate that a decision to reject the plea bargain and proceed to trial would have been rational under the circumstances. *See Padilla*, 559 U.S. at 371−72.

[8] To the extent that Petitioner is also required to demonstrate that the Court would not have rejected his open plea, the Court assumes without deciding that Petitioner could make such a showing. In light of the Court's findings with respect to the other relevant considerations for demonstrating *Strickland* prejudice in this context, however, such assumption has no impact on Petitioner's claim.

circumstances to support the conclusion that he placed particular importance on his appellate rights in deciding whether to accept the plea agreement or plead openly. *See Hill*, 474 U.S. at 60. In short, Petitioner's mere mention of his appeal rights is unaccompanied by even an allegation that he was prejudiced by his waiver of those rights. The Court will not speculate as to what prejudice Petitioner might have alleged. Therefore, Petitioner has failed to meet his burden to demonstrate prejudice relating to the waiver of his appeal rights.

Petitioner also appears to assert that due to misinformation that he received from counsel his plea was not knowing and voluntary because it does not represent an informed choice. (ECF 72 at 5.) In support of this contention, Petitioner points to his assertion that counsel incorrectly advised him that his possible sentencing range under the plea agreement was 10 to 16 months imprisonment (ECF 72 at 2), and "assured him that the sentence would be assessed in a Criminal History Category III" (ECF 72 at 3). The Court rejects this contention for two reasons.

First, Petitioner cannot demonstrate prejudice from any allegedly deficient performance related to his plea because, as discussed above, Petitioner's alternative proposed course of action—an open plea to the charge—would almost certainly have resulted in a greater sentence, and not a lesser sentence as he contends.

Second, Petitioner cannot demonstrate prejudice because any inaccurate predictions that counsel may have made regarding Petitioner's sentencing exposure were corrected by the colloquy at his Rule 11 plea hearing. *See United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between

11

the court and defendant.") (citation omitted).  *See also United States v. Lemaster,* 403 F.3d 216, 221–22 (4th Cir. 2005) (explaining that "in the absence of extraordinary circumstances, the truth of [Petitioner's] sworn statements . . . during [his] [guilty plea] colloquy is conclusively established"); *United States v. Woodson*, 422 F. App'x 295, 296−97 (4th Cir. 2011) (unpublished) (rejecting petitioner's claim that his guilty plea was involuntary because his counsel was ineffective for failing to advise him of the applicability of the career offender provisions of the Sentencing Guidelines because petitioner could not demonstrate prejudice where district court clearly informed him during the Rule 11 colloquy of the maximum sentence to which he could be subjected).

During Petitioner's plea hearing, the Court advised Petitioner of the potential penalties associated with his conviction, including the maximum term of imprisonment of 20 years, Transcript of Sentencing Hearing at 16–17, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D.W. Va. August 29, 2011), ECF 52, as well as the other consequences of pleading guilty, *id.* at 17−23.  The Court also advised Petitioner that his sentence would be determined by the Court pursuant to the federal sentencing guidelines and explained that a presentence report would be prepared and utilized as part of this process.  *Id.* at 9, 17−19.  Petitioner affirmed that he understood the consequences of pleading guilty.  *Id.* at 9, 17−23.

Further, at the request of the Court, the Assistant United States Attorney summarized the plea agreement at the plea hearing, including stating that "[p]aragraph 3 relates to the maximum potential penalty.  Sets forth the maximum imprisonment period of 20 years . . . ."  *Id*. at 6.  Following this summary, in response to an inquiry from the Court, Petitioner told the Court that he understood and agreed with all of the terms and provisions of the plea agreement.  (*Id*.)

Moreover, Petitioner signed the last page of the plea agreement, acknowledging that "I have read and carefully discussed every part of [the plea agreement] with my attorney, [and] that I understand the terms of this agreement . . . ." Plea Agreement at 6, *United States v. Terry*, Criminal No. 2:11-cr-37 (S.D. W. Va. August 29, 2011), ECF 30.

At the plea hearing, the Court further asked Petitioner "Do you understand that no one could know at this time the exact sentence which will be imposed?" (ECF 52 at 23.) The Petitioner affirmed that he so understood, and also affirmed that no one had promised or predicted the exact sentence that would be imposed. (*Id.*)

For these reasons, the Court **OVERRULES** Petitioner's objections to the PF&R and concludes that Petitioner's claim of ineffective assistance of counsel lacks merit.

   B. *Amended Objection*

In his amended objection, Petitioner asserts that the Supreme Court's decision in *Alleyne v. United States* has "Overruled All prior Orders, and Judgment in this case." (ECF 73 at 2.) Petitioner appears to believe that under *Alleyne* a jury and not the judge must make the determination beyond a reasonable doubt that he had at least two predicate felony convictions qualifying him as a career offender. Again, Petitioner is mistaken.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt by submission to a jury. 133 S. Ct. at 2160−63. *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which requires any fact that increases the maximum penalty for an offense to be proven by the jury rather than the judge. Under *Alleyne* and *Apprendi*, "[t]he touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact

13

constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S. Ct. at 2158 (Thomas, J., with three Justices concurring and one concurring in the result) (citing *Apprendi*, 530 U.S. at 483 n.10).

Petitioner assumes without argument that *Alleyne* applies here—that is, that the decision applies retroactively to cases on collateral review. *Alleyne* establishes a new rule of criminal procedure, and new rules generally do not apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 303 (1989). *See also United States v. Sanders*, 247 F.3d 139, 147 (4th Cir. 2001) (procedural rules include those which dictate the fact-finding procedure which must be used to ensure a fair trial); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (finding that *Alleyne* establishes a new rule of constitutional law). Moreover, *Apprendi* is not retroactive on collateral review, *see Sanders*, 247 F.3d at 146−51, and other courts to have considered the question have uniformly found that *Alleyne* is not either, *see Butterworth v. United States*, 775 F.3d 459, 469 (1st Cir. 2015); *United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Mazzio*, 756 F;3d 487, 489–92 (6th Cir. 2014). The Court need not resolve the question of *Alleyne*'s retroactivity, however, because its holding is inapplicable in Petitioner's case.

Petitioner reads *Alleyne* to require the facts giving rise to the career offender enhancement to have been alleged in the indictment and proven beyond a reasonable doubt. Contrary to Petitioner's contention, *Alleyne*'s holding applies only to those facts which increase the mandatory minimum penalty for an offense. In this case, Petitioner's guilty plea exposed him to a maximum term of imprisonment of 20 years, but it did not expose him to any mandatory minimum term of imprisonment. *See* 21 U.S.C. § 841(a)(1). Petitioner's guilty plea also exposed him to a term of supervised release of at least 3 years in the event that he was sentenced to a term of imprisonment.

14

*See id.* These terms of imprisonment and supervised release, however, were unaltered by the application of the career offender enhancement under U.S.S.G. § 4B1.1.

Furthermore, the facts underlying the career offender enhancement do not qualify as "elements" or "ingredients" of Petitioner's offense. As the Eleventh Circuit explained:

> Put in its best light, [the defendant's] argument assumes that he was convicted of the nonexistent offense of being a career offender with only one qualifying predicate offense. But he wasn't. As the indictment and the judgment in this case show, [the defendant] was not charged with, nor was he convicted of, being a career offender. A defendant who is convicted and then has the § 4B1.1 career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement. If guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt. *See United States v. Kenney*, 391 Fed. Appx. 169, 172 n.2 (3d Cir. 2010) (unpublished) ("The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt."). [The defendant's] position turns on treating sentences as convictions, and an argument that depends on calling a duck a donkey is not much of an argument.

*Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011). Here, Petitioner was convicted of possessing with intent to distribute a quantity of heroin. The essential elements of this crime are (1) possession of a quantity of heroin, (2) knowledge of the possession, and (3) intent to distribute. *See United States v. Crockett*, 813 F.2d 1310, 1316 (4th Cir. 1987). At no point were the facts relating to Petitioner's prior convictions necessary to prove the elements of this offense.

Finally, to the extent that Petitioner also contends that *Alleyne* requires that an indictment charging a violation of 21 U.S.C. § 841(a)(1) must charge a particular drug amount as opposed to an unspecified quantity as an element of the offense (*see* ECF 73 at 3), Petitioner is also mistaken. Section 841(b)(1)(C), under which Petitioner was sentenced, is "the default sentencing provision if there is no drug quantity found by the jury . . . ." *United States v. Wilson*, 13-4202, 2013 WL 6645470, at *2 (4th Cir. Dec. 18, 2013) (unpublished). The application of this statutory

15

sentencing provision is unchanged by *Alleyne*.[9]

For these reasons, the Court **OVERRULES** Petitioner's amended objections.

C. *Evidentiary Hearing*

Finally, Petitioner requests an evidentiary hearing. In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). *See generally United States v. Mitchell*, 484 F. App'x 744, 745 (4th Cir. 2012) (reciting standard). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record and a credibility determination is necessary in order to resolve the issue. *United States v. Witherspoon,* 231 F.3d 923, 925–27 (4th Cir. 2000). *See also Raines v. United States,* 423 F.2d 526, 530 (4th Cir. 1970). The decision as to whether an evidentiary hearing is necessary is within the discretion of the district court. *Conaway v. Polk,* 453 F.3d 567, 582 (4th Cir. 2006).

Here, there are no disputed facts necessary to resolve the legal issues presented by Petitioner's § 2255 motion. Even accepting as true all of Petitioner's assertions and assuming such assertions amounted to ineffective assistance of counsel, Petitioner cannot demonstrate any

---

[9] On April 8, 2014, Petitioner filed a notice of supplemental authorities in support of his motion. (ECF 77.) In that notice, Petitioner asserts that *Burrage v. United States*, 134 S. Ct. 881 (2014) also supports his § 2255 motion. However, like *Alleyne*, that case has little relevance to Petitioner's present § 2255 motion. *Burrage* held that 21 U.S.C. § 841(b)(1)(C)'s "death results" enhancement, which increases a defendant's minimum and maximum sentences, is an element that must be submitted to the jury and found beyond a reasonable doubt. 134 S. Ct. at 887. Petitioner's sentence was not enhanced pursuant to § 841(b)(1)(C)'s "death results" enhancement. As discussed above, Petitioner's minimum and maximum sentences were unaltered by the application of the career offender enhancement under U.S.S.G. § 4B1.1. Although Petitioner asserts that his minimum and maximum sentences were in fact enhanced (*see* ECF 77 at 2), Petitioner appears to confuse his advisory guideline sentencing range (which was enhanced by the application of U.S.S.G. § 4B1.1's career offender enhancement) with his statutory minimum and maximum sentences (which were not).

16

prejudice from having accepted the plea agreement rather than having pleaded openly to the indictment. Because the pleadings, files, and records in the case conclusively show that Petitioner is not entitled to relief on his § 2255 motion, the Court **DENIES** Petitioner's request for an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, (ECF 72, 73, and 77), **ADOPTS** the PF&R, (ECF 71), to the extent that it is consistent with this memorandum opinion and order, **DENIES** Petitioner's § 2255 motion, (ECF 64), **DENIES** Petitioner's request for an evidentiary hearing, **DISMISSES** this case, and **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court has also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will be granted only if there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336−38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683−83 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2255, Petitioner may not appeal the Court's denial of a certificate of appealability, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. The Court thus **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 30, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

19